## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **JACKIE SAMPSON** | ) |
| | ) |
| | ) **Civil Action No.** |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **HOFFMAN, SCHWARTZ and** | ) |
| **ASSOCIATES, INC.** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq.* (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S.  § 201-1, *et seq.* (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION & VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff Jackie Sampson is an adult individual residing at 4928 N. 19th Street, Philadelphia, PA 19141.

5.     Defendant Hoffman, Schwartz & Associates, Inc., is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 4514 Chamblee Dunwoody Drive, Suite 262, Atlanta, GA 30014.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts.

## FACTUAL ALLEGATIONS

6.     At all pertinent times hereto, Defendant was hired to collect a debt relating to consumer purchases that were allegedly originally owed for a pay day loan ("hereafter the debt").

7.     The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8.     Notwithstanding the above, on or about June 8, 2010, Defendant contacted Plaintiff to coerce payment of his debt with the intent to annoy, abuse, or harass those contacted. During this conversation, Defendant stated they were investigators with the "check fraud division" and threatened Plaintiff stating that if he did not set up a payment plan, there would be a warrant issued for his arrest and he would be prosecuted for check fraud.

9.     Defendant acted in a false, deceptive, misleading and unfair manner by engaging in conduct the natural consequence of which is to harass, oppress or abuse any person.

10.     Defendant acted in a false, deceptive, misleading and unfair manner by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

11.     The Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing that they were with the "check fraud division."

2

12.    The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take any action that cannot legally be taken or that is not intended to be taken.

13.    The Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing or implying that the consumer committed any crime or other conduct in order to disgrace the consumer.

14.    Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

15.    At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

16.    At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

17.    As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I- VIOLATIONS OF THE FDCPA

18.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

3

19.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

20.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

21.     The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

22.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(4), 1692e(5), 1692e(7), 1692e(10), and 1692f as evidenced by the following conduct:

    a) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

    b) The representation or implication that nonpayment of a debt will result in the arrest or imprisonment of any person;

    c) The threat to take any action that cannot legally be taken or that is not intended to be taken;

    d) The false representation or implication that the consumer committed a crime or other conduct in order to disgrace the consumer; and

    e) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

23.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

24.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

4

## COUNT TWO -VIOLATION OF THE FCEUA

25.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26.     Defendant is a "debt collector" as defined by 73 P.S. § 2270.3 of the FCEUA.

27.     Plaintiff is a "debtor" as defined by 73 P.S. § 2270.3 of the FCEUA.

28.     The above contacts made between the Plaintiff and Defendant were "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

29.     Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of the FCEUA.  Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

a) Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

b) The representation or implication that nonpayment of a debt will result in the arrest or imprisonment of any person;

c) The false representation of the character, amount, or legal status of any debt;

d) The threat to take any action that cannot legally be taken or that is not intended to be taken;

e) The false representation or implication that the consumer committed a crime or other conduct in order to disgrace the consumer; and

f) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

30.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

31.     As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of actual, statutory and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully pray that relief be granted as follows:

(a)  That judgment be entered against Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(b)  That judgment be entered against Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(c)  That judgment be entered against Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(d)  That the court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(g)  That the Court grant such other and further relief as may be just and proper.

## <u>COUNT THREE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

32.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.     As a result of Defendant's reckless and intentional conduct, Plaintiff sustained physical injury as well as mental distress as more fully outlined above.

34.     Due to the reckless and intentional conduct of the Defendant, it was foreseeable that Plaintiff would suffer severe emotional distress, harm to her physical and psychological well-being and physical harm to the present day, as fully outlined above.

WHEREFORE, Plaintiff claims compensatory, punitive and all other forms of cognizable damages against Defendant and judgment in her favor, plus lawful interest thereon, attorney's fees and costs of suit.

## JURY TRIAL DEMAND

35.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees; and

(e)     Such other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:     */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
JOHN SOUMILAS, ESQUIRE
GEOFFREY H. BASKERVILLE, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

DATE: June 3, 2011

7